UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| JANE DOE, et al.,<br><br>        Plaintiffs,<br>   v.<br><br>RYAN GILL, et al.,<br><br>        Defendants.<br>_____/ | No. C 11-04759 LB<br><br>**ORDER REGARDING TWO OF THE THREE DISPUTES DESCRIBED IN THE PARTIES' APRIL 10, 2012 JOINT DISCOVERY LETTER**<br><br>[Re: ECF No. 52] |

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Jane Doe, Judy Brown, Imaree Cross, and Ericka Whitmeyer (collectively, "Plaintiffs"[1]) brought claims under 42 U.S.C. § 1983, alleging that San Leandro Police Officers Ryan Gill and Anthony Morgan used excessive force on Gwendolyn Killings during an incident that took place in Oakland, California on December 29, 2010 and which resulted in Ms. Killings's death.

---

[1] Ms. Doe, proceeding under a pseudonym because she is a minor, brought this lawsuit in her capacity as Gwendolyn Killings's heir and as personal representative of Ms. Killings's estate. First Amended Complaint (Doe), ECF No. 12 at 2, ¶ 2. After Ms. Doe filed her lawsuit, Ms. Brown, Ms. Cross, and Ms. Whitmeyer, who also are representatives of Ms. Killings's estate, brought lawsuits of their own which featured identical allegations and claims. *See Brown v. Gill*, No. C11-05009 CW (N.D. Cal. Oct. 11, 2011); *Whitmeyer v. Gill*, No. C11-05083 CW (N.D. Cal. Oct. 17, 2011). Judge Spero, who previously presided over Ms. Doe's case, related the two newer cases to Ms. Doe's case. Related Case Order, ECF No. 20. Upon reassignment, Judge Wilken consolidated all three cases and made Ms. Doe's case the lead one. *See* Minute Order, ECF No. 35; ECF Entry on January 20, 2012.

*See* First Amended Complaint ("FAC") (Doe), ECF No. 12; Complaint (Brown and Cross), ECF No. 1, No. C11-05009 (Oct. 11, 2011); Complaint (Whitmeyer), ECF No. 1, No. C11-05083.[2]  Plaintiffs also brought a claim against the City of San Leandro (the "City") under *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978), for failing to take necessary, proper, or adequate measures to prevent its officers' alleged violations.  FAC (Doe), ECF No. 12 at 6-8, ¶¶ 34-43.[3]  Plaintiffs also brought claims for wrongful death and survival under California state law.  *Id.* at 9-10, ¶¶ 44-59.

Currently before the court is the parties' April 10, 2012 joint letter that describes three discrete discovery disputes.  Joint Letter, ECF No. 52.  At a high level, the parties disagree about: (1) whether Plaintiffs should receive certain records of the Oakland Police Department and the Oakland City Attorney's Office regarding Officer Gill, subject to a protective order; (2) whether Plaintiffs should be required to provide Ms. Doe's true name to Defendants, subject to a protective order; and (3) whether Ms. Brown's and Ms. Doe's responses to some of Defendants' interrogatories are sufficient.  The court will address the first two disputes in the instant order and will address the third dispute at a later date.[3]

## II.  LEGAL STANDARD

Subject to the limitations imposed by subsection (b)(2)(C), under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by

---

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[3] Because the allegations in Ms. Brown and Ms. Cross's and Ms. Whitmeyer's complaints are identical to those in Ms. Doe's First Amended Complaint, the court will only cite to Ms. Doe's First Amended Complaint in this order.

[3] Pursuant to Civil Local Rule 7-1(b), the court finds these matters to be suitable for determination without oral argument.

these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

### III.  DISCUSSION

A.  Records Concerning Officer Gill

On March 27, 2012, the court ordered Defendants to produce to Plaintiffs any documents from Officer Gill's and Officer Morgan's personnel files that are maintained by the City that relate to any complaints of excessive force or "misconduct" – defined to include the "fabrication of evidence, theft of property by police officers, falsification of official documents, prejudice and/or discrimination" – from December 29, 2005 to present.  3/27/2012 Order, ECF No. 49.

The next day, Plaintiffs served subpoenas on the Oakland Police Department – where Officer Gill worked prior to moving to the San Leandro Police Department – and the Oakland City Attorney's Office, neither of which are parties to this litigation, that seek "[r]ecords of former Oakland Police Officer, Ryan Gill, including, but not limited to[,] audio, written, or otherwise recorded statements relating to Ryan Gill's propensity to be dishonest, use excessive force, and/or engage in racist, bigoted or other discriminatory conduct during his entire employment with the Oakland Police that ended about 2005."  Joint Letter, ECF No. 52 at 1-2.

Defendants object to producing the requested records on numerous grounds.  First, Defendants object that the request is overbroad because it seeks records, in all forms, from Officer's Gill's entire (unspecified) tenure as an Oakland police officer.  *Id*. at 2.  As for the forms that the records might take, the court does not believe this is a problem.  Defendants do not argue or suggest that it is burdensome for them to search any of the possible forms (e.g., audio records), nor do they argue or suggest that it would be impossible or highly unlikely for any of the possible forms to contain responsive records.  *See id*.  Defendants' overbreadth argument, rather, focuses more on the time

1 period covered by Plaintiffs' request. *See id*. Defendants note that the court determined, in its

2 3/27/2012 Order, that only documents from December 29, 2005 to present from Officer Gill's and

3 Officer Morgan's personnel files needed to be produced by the City, and Defendants argue that that

4 same time limitation should apply here as well. *Id*.

5 The court did, in its prior order, limit the documents to be produced to those from December 29,

6 2005 to present, but it did so because it was unaware of any reason to allow for a longer period of

7 time. The court stated:

> [T]he court does find the time periods covered by Plaintiffs document requests to be overbroad. Plaintiffs seek documents going back ten years from December 29, 2010, <u>but they offer no justification for such a length of time</u>. Instead, the court finds it reasonable to limit Plaintiffs' document requests to documents going back five years from December 29, 2010, or from December 29, 2005.

11 3/27/2012 Order, ECF No. 49 at 4 (emphasis added). Here, though, Plaintiffs do provide a

12 justification. They argue that such a time limitation is not appropriate because Officer Gill, at least

13 according to Plaintiffs, had a "very violent and turbulent career in the City of Oakland," and this

14 career took place prior to December 29, 2005. Given Plaintiffs' characterization of Officer Gill's

15 history with the Oakland Police Department – and Defendants' failure to challenge it at all – the

16 court believes that records prior to December 29, 2005 are relevant and may lead to the discovery of

17 admissible evidence. Defendants' overbreadth objection fails for this reason.

18 Defendants also object to the request because the records are protected from disclosure by the

19 qualified privilege for official information that exists under federal common law. *See Kerr v. U.S.*

20 *Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975); *see also Soto v. City of*

21 *Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995); *Kelly v. City of San Jose*, 114 F.R.D. 653, 660

22 (N.D. Cal. 1987). The court addressed and rejected this objection in its prior order. 3/27/2012, ECF

23 No. 49 at 4-7. The court views the records requested here as substantially similar to the personnel

24 records addressed in the prior order, and Defendants do not argue otherwise. *See* Joint Letter, ECF

25 No. 52 at 2. The court stands by its earlier reasoning. Defendants' qualified privilege objection

26 fails.

27 Defendants also object to the request because any responsive records "will be far more

28 prejudicial than probative," and, thus, excludable from evidence under Federal Rule of Evidence

C 11-04759
ORDER RE: 4/10/2012 JOINT LETTER
4

403. Defendants conflate the standard for admissibility with the standard for discoverability. Federal Rule of Civil Procedure 26(b)(1) makes clear that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The records sought by Plaintiffs are relevant, so they are discoverable. Defendants' challenges to the admissibility of evidence are premature.

Accordingly, the court rejects all of Defendants' objections to Plaintiffs' subpoenas.[4]. The Oakland Police Department and the Oakland City Attorney's Office shall produce responsive documents – to the extent they exist – to Plaintiffs once a protective order is submitted and approved by this court.

B. Ms. Doe's True Name

Because Ms. Doe is a minor, she instituted this action, and is proceeding, under a pseudonym. Defendants served Ms. Doe with an interrogatory that asked her to state her true name. Joint Letter, ECF No. 52 at 3. Defendants would like to know her true name to affirm her identity and conduct discovery about her potential damages. *Id*. Defendants are unsure whether it can use discovery that Ms. Doe's counsel has "unofficially" provided to them, and without Ms. Doe's true name, they are not able to obtain medical, psychotherapy, or other records that might bear upon the damages that Ms. Doe attributes to Ms. Killings's death. *Id*.

Plaintiffs reply that Defendants are on a "fishing expedition" and have not identified any documents that they might need but are prevented from getting because of Ms. Doe's pseudonym. *Id*. at 2-3. It appears to the court, though, that Defendants did identify documents that it is has been prevented from obtaining (e.g., medical, psychotherapy, or other records) and that those documents are relevant to Ms. Doe's claims. Defendants, then, need to know Ms. Doe's true name to proceed with discovery. Any privacy concerns that Ms. Doe might raise can be easily allayed through a

---

[4] Defendants also object to the request by arguing that the records are not relevant because of "their age." Joint Letter, ECF No. 52 at 2. To the extent Defendants are recasting their overbreadth argument in different language, the court rejects it. And to the extent that Defendants suggest that documents more than six years old necessarily are irrelevant, they offer no authority is support of such a proposition. In addition, Defendants suggest that Plaintiffs' request has been made solely to harass and intimidate Officer Gill, but they offer no evidence in that regard. *See id*.

UNITED STATES DISTRICT COURT
For the Northern District of California

protective order.

///

## IV. CONCLUSION

Based on the foregoing, the court ORDERS as follows:

1. The parties shall, within 14 days from the date of this order, meet and confer regarding a stipulated protective order to govern the production of confidential information in this case.[5]

2. Once a protective order is submitted by the parties and is approved by the court, the Oakland Police Department and the Oakland City Attorney's Office shall produce documents responsive to Plaintiffs' March 28, 2012 subpoenas. Once a protective order is submitted by the parties and is approved by the court, Ms. Doe shall respond without objection to Defendants' interrogatory asking her to state her true name. Defendants shall continue not to use Ms. Doe's true name in any publicly-filed documents.

**IT IS SO ORDERED.**

Dated: April 26, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] The court notes that it directed the parties to meet and confer for this reason in its prior order, but also notes that the parties have yet to submit a stipulated protective order. *See* 3/27/2012 Order, ECF No. 49 at 7 n.7.

C 11-04759
ORDER RE: 4/10/2012 JOINT LETTER