IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, a minor, by and through her guardian ad litem, WILFRED SCOTT;<br><br>        Plaintiff,<br><br>     v.<br><br>RYAN GILL; ANTHONY MORGAN; and CITY OF SAN LEANDRO,<br><br>        Defendants.<br>_____/ | No. C 11-4759 CW<br><br>ORDER DIRECTING PETITIONER TO PROVIDE ADDITIONAL EVIDENCE |
| JUDY BROWN; and IMAREE CROSS;<br><br>        Plaintiffs,<br><br>     v.<br><br>RYAN GILL; ANTHONY MORGAN; and CITY OF SAN LEANDRO,<br><br>        Defendants.<br>_____/ | No. C 11-5009 CW |
| ERICKA WHITMEYER<br><br>        Plaintiff,<br><br>     v.<br><br>RYAN GILL; ANTHONY MORGAN; and CITY OF SAN LEANDRO,<br><br>        Defendants.<br>_____/ | No. C 11-5083 CW |

     Petitioner Wilfred Scott, as guardian ad litem for Plaintiff Jane Doe, a minor, requests approval of a compromise of Doe's claims against Defendants Ryan Gill, Anthony Morgan and the City of San Leandro.

Through her guardian ad litem, Scott, Doe initiated this lawsuit on September 23, 2011.  In the complaint, Doe alleges that, on December 29, 2010, her mother, Gwendolyn Killings, was shot and killed by Defendants Gill and Morgan, police officers employed by Defendant City of San Leandro.  Doe brought claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment and a survival action against Defendants Gill and Morgan, claims against Defendant City of San Leandro for failure to train and supervise properly, and claims against all Defendants for wrongful death.

On January 18, 2012, the Court consolidated Doe's action with the two higher-numbered actions captioned above.  The plaintiffs in the other actions are also survivors and heirs of Gwendolyn Killings.

Scott filed the instant petition for approval of a minor's compromise on May 3, 2012.  In his papers, he represents that the City of San Leandro, on behalf of all Defendants, has agreed to pay a total of $50,000 to the four Plaintiffs to settle their claims, and that Plaintiffs have agreed to divide this amount equally, so that each will receive $12,500.  He also states that forty percent of Doe's recovery, or $5,000, will be paid to her attorneys as fees, along with an additional $311.15 as costs for deposition transcripts and chart reproduction.  Thus, Doe's net recovery under the settlement would be $7,188.85.

As the Ninth Circuit recently stated, "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the

context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has directed that, in conducting this inquiry in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." Id. at 1181-82 (citing Dacanay, 573 F.2d at 1078).

The Court notes that the percentage of Doe's total recovery to be paid to her counsel appears high. See, e.g., Botello v. Morgan Hill Unified Sch. Dist., 2011 WL 5313965, at *2 (N.D. Cal.) (remarking, in assessing the settlement of a minor's claims, that "a 40% contingency fee strikes the Court as a bit high"). The Court also notes that, as a minor, Doe might have a greater need, and may have suffered greater damages, than the other Plaintiffs.

On the current record, the Court is unable to assess properly the fairness of Doe's net recovery. Accordingly, within seven days of the date of this Order, Petitioner shall provide evidence that Doe's net recovery under the settlement is fair and

3

reasonable in light of the strength of her claims, the facts of the case and recovery in other similar cases.

IT IS SO ORDERED.

Dated: 5/23/2012

CLAUDIA WILKEN
United States District Judge