IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, a minor, by and through her guardian ad litem, WILFRED SCOTT; <br><br>  Plaintiff, <br><br>  v. <br><br> RYAN GILL; ANTHONY MORGAN; and CITY OF SAN LEANDRO, <br><br>  Defendants. <br>_____/ | No. C 11-4759 CW <br><br> ORDER GRANTING PETITION ON MINOR'S COMPROMISE (Docket No. 58 in 11-4759) |
| JUDY BROWN; and IMAREE CROSS; <br><br>  Plaintiffs, <br><br>  v. <br><br> RYAN GILL; ANTHONY MORGAN; and CITY OF SAN LEANDRO, <br><br>  Defendants. <br>_____/ | No. C 11-5009 CW |
| ERICKA WHITMEYER <br><br>  Plaintiff, <br><br>  v. <br><br> RYAN GILL; ANTHONY MORGAN; and CITY OF SAN LEANDRO, <br><br>  Defendants. <br>_____/ | No. C 11-5083 CW |

   Petitioner Wilfred Scott, as guardian ad litem for Plaintiff Jane Doe, a minor, requests approval of a compromise of Doe's claims against Defendants Ryan Gill, Anthony Morgan and the City

of San Leandro.  Having considered the papers filed by Petitioner, the Court GRANTS the petition.

## BACKGROUND

Through her guardian ad litem, Scott, Doe initiated this lawsuit on September 23, 2011.  In the complaint, Doe alleges that, on December 29, 2010, her mother, Gwendolyn Killings, was shot and killed by Defendants Gill and Morgan, police officers employed by Defendant City of San Leandro.  Doe brought claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendment and a survival action against Defendants Gill and Morgan, claims against Defendant City of San Leandro for failure to properly train and supervise, and claims against all Defendants for wrongful death.

On January 18, 2012, the Court consolidated Doe's action with the two higher-numbered actions captioned above.  The plaintiffs in the other actions are also survivors and heirs of Gwendolyn Killings.

Scott filed the instant petition for approval of a minor's compromise on May 3, 2012.  In his papers, he represents that the City of San Leandro, on behalf of all Defendants, has agreed to pay a total of $50,000 to the four Plaintiffs to settle their claims, and that the Plaintiffs have agreed to divide this amount equally, so that each will receive $12,500.  He also states that forty percent of Doe's recovery, or $5,000, will be paid to her attorneys as fees, along with an additional $311.15 as costs for deposition transcripts and chart reproduction.  Thus, Doe's net recovery under the settlement would be $7,188.85.

LEGAL STANDARD

As the Ninth Circuit recently stated, "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has directed that, in conducting this inquiry in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." Id. at 1181-82 (citing Dacanay, 573 F.2d at 1078).

While the Ninth Circuit has not expressed a view as to the proper approach for courts to use when approving settlement of a minor's claims arising under state law, see id. at 1179 n.2, and Doe brings claims under both federal and state law, the Court applies the same standard to settlement of all of her claims.

3

DISCUSSION

Doe, through her guardian ad litem, has agreed to settle her claims against Defendants in exchange for $7,188.85. Plaintiff's counsel, who has represented plaintiffs in similar claims against law enforcement since 1985, has filed a declaration in which he states that, in his assessment, this case would have been very difficult to prosecute through trial successfully for a variety of reasons, including allegations that, at the time of the shooting, the decedent was under the influence of a controlled substance and was attempting to hit an officer with a stolen vehicle.

Upon review of the papers submitted, the Court finds this amount to be reasonable and the settlement to be in the best interest of Doe. The Court grants Petitioner's application.

CONCLUSION

Based on the foregoing, Petitioner's request for approval of a minor's compromise is GRANTED (Docket No. 58 in 11-4759). The parties shall promptly file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Within sixty days after receipt of his settlement funds from Defendants, Scott shall provide proof to the Court that $7,188.85 was deposited into a blocked account with a federally insured bank for the benefit of Doe and that she can access when she reaches the age of majority.

IT IS SO ORDERED.

Dated: 5/28/2012

CLAUDIA WILKEN
United States District Judge

4